**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Raymond V. Gutierrez, | No. CV 10-0117-PHX-RCB (ECV) |
| Plaintiff, | **ORDER** |
| vs. | |
| Corrections Corp. of America, et al., | |
| Defendants. | |

Raymond V. Gutierrez, an inmate in the La Palma Corrections Center (LPCC), a Corrections Corporation of America (CCA) facility in Eloy, Arizona, filed a Complaint pursuant to 28 U.S.C. § 1983, which the Court dismissed with leave to amend. (Doc. 7.)[1] Plaintiff then lodged a partial amended complaint with a motion for extension of time to complete his amended complaint. (Doc. 11, 12.) The Court granted Plaintiff additional time to amend and dismissed the lodged version. (Doc. 15.) Plaintiff has filed a completed First Amended Complaint. (Doc. 16.) The Court will order Defendant CCA to answer Count II of the First Amended Complaint and will dismiss the remaining claims and Defendants without prejudice.

. . .

---

[1] "Doc." refers to the docket number of filings.

1 **I.     Statutory Screening of Prisoner Complaints**

2     The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

    A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id.

    "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id. at 1950.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct.  Id. at 1951.  But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally."  Hebbe v. Pliler, 611 F.3d 1202, 1202 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'"  Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam)).

## II.   First Amended Complaint

Plaintiff alleges three counts in his First Amended Complaint for violation of his federal statutory and constitutional rights and state law. Named as Defendants are CCA and CCA Vice President, Lucibeth Mayberry. He also sues the following employees of LPCC: Warden James Schomig; Assistant Wardens Chad Miller, Barbara Seidl, and James Young; Grievance Co-ordinator Ruth Allridge Williams; Programs Supervisor Nicolas Delsordi; and Religious Facilitator Justin Roberts. Plaintiff also sues several former LPCC employees: former Warden Charles De Rosa; former Assistant Wardens Tim Chase and R. Tapia; and former Chaplain Muriel Powers. Plaintiff seeks declaratory, injunctive, and compensatory relief.

## III.   Failure to State a Claim Under § 1983

To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right. Wood v. Ostrander, 879 F.2d 583, 587 (9th Cir. 1989). In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

Plaintiff designates Count I as a claim for violation of his federal religious rights. An institutionalized person may bring a claim for violation of his religious rights under the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. §§ 2000cc – 2000cc-5, and/or the First Amendment. RLUIPA prohibits the government from imposing a substantial burden on the religious exercise of an institutionalized person unless the government establishes that the burden furthers a "compelling governmental interest" and does so by "the least restrictive means." 42 U.S.C. § 2000cc-1(a)(1) – (2). RLUIPA defines "religious exercise" to include "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." 42 U.S.C. § 2000cc-5 – 7. "[A] 'substantial burden'

on 'religious exercise' must impose a significantly great restriction or onus upon such exercise." Warsoldier v. Woodford, 418 F.3d 989, 995 (9th Cir. 2005) (quotations omitted). Thus, an institutionalized person's religious exercise is substantially burdened "'where the state . . . denies [an important benefit] because of conduct mandated by religious belief, thereby putting substantial pressure on an adherent to modify his behavior and to violate his belief.'" Id.

In addition, "[i]nmates clearly retain protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion." O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987) (internal quotations and citations omitted). However, free exercise rights are "necessarily limited by the fact of incarceration, and may be curtailed in order to achieve legitimate correctional goals or to maintain prison security." Id. To state a First Amendment free exercise claim, a plaintiff must allege that a defendant substantially burdened his religious practice without a justification reasonably-related to legitimate penological interests. Shakur v. Schriro, 514 F.3d 878 (9th Cir. 2008); Malik v. Brown, 16 F.3d 330, 333 (9th Cir. 1994); Warsoldier, 418 F.3d at 995 (citing Thomas v. Review Bd. of the Ind. Employment Sec. Div., 450 U.S. 707, 717-18 (1981) (pressure on exercise must be substantial)); Canell v. Lightner, 143 F.3d 1210, 1215 (9th Cir. 1998) (same). The religious practice or exercise at issue must be rooted in sincerely-held religious belief and not in "'purely secular' philosophical concerns." Malik, 16 F.3d at 333 (internal citation omitted).

In Count I, Plaintiff alleges the following: Plaintiff is a practicing Catholic. Plaintiff requested access to a Catholic priest and Catholic services from staff. He also sought a religious diet for Lent from staff. CCA policy prohibits Catholic priests from bringing sacramental wine into LPCC.

With respect to CCA's policy prohibiting sacramental wine from being brought into the prison, Plaintiff fails to allege the policy substantially burdens his religious rights, nor does he allege the absence of a compelling government interest in such prohibition.

Plaintiff otherwise fails to connect the allegations in Count I to any Defendant. A "plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). For an individual to be liable in his official capacity, a plaintiff must allege that the official acted as a result of a policy, practice, or custom. See Cortez v. County of Los Angeles, 294 F.3d 1186, 1188 (9th Cir. 2001). In addition, there is no *respondeat superior* liability under § 1983, so a defendant's position as the supervisor of a someone who allegedly violated a plaintiff's constitutional rights does not make him liable. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor in his individual capacity, "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor, 880 F.2d at 1045.

Because Plaintiff fails to allege facts to support that his religious exercise has been substantially burdened, the absence of a compelling governmental interest, and facts against any Defendant, he fails to state a claim in Count I. Accordingly, Count I will be dismissed.

**IV.    State Law Claim**

Plaintiff designates Count III as a claim for violation of California state law. Because Plaintiff is a California inmate, this Court arguably has diversity federal subject matter jurisdiction in addition to federal question subject matter jurisdiction.[2] Even if the Court has such jurisdiction, Plaintiff fails to allege facts against any named Defendant. He merely asserts that "defendants discrimination" did not allow him to exercise his religion and that he has been deprived of his "Catholic artifacts." (Doc. 16 at 5.) These allegations are insufficient to state a claim against any Defendant. Accordingly, Count III will be dismissed

---

[2] Federal district courts have original subject matter jurisdiction of "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and is between citizens of different States. 28 U.S.C. § 1332.

- 5 -

for failure to state a claim.

## V. Claim for Which an Answer Will be Required

Plaintiff designates Count II as a claim regarding his religious rights based on the following facts: On June 1, 2009, CCA began making programs from the Trinity Broadcasting Network (TBN), which he describes as the largest Protestant network, available for inmates to view. But programs from the Eternal Television World Network, which Plaintiff describes as a Catholic network, has not been made available to him. He contends the absence of programming from ETWN denies him equal access to religious programs. Plaintiff sufficiently states a claim for violation of equal protection against CCA. CCA will be required to respond to Count II of the First Amended Complaint.

## VI. Warnings

### A. Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

### B. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### C. Copies

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D.    Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    Counts I and III and Defendants De Rosa, Chase, Tapia, Schomig, Miller, Seidl, Powers, Roberts, Delsordi, Mayberry, Young, and Allridge Williams are **dismissed** without prejudice.  (Doc. 16.)

(2)    Defendant Corrections Corporation of America must answer Count II.  (Doc. 16.)

(3)    The Clerk of Court must send Plaintiff a service packet including the First Amended Complaint (Doc. 16), this Order, and both summons and request for waiver forms for Defendant Corrections Corporation of America.

(4)    Plaintiff must complete and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order.  The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(5)    If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and First Amended Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served.  Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(I).

(6)    The United States Marshal must retain the Summons, a copy of the First Amended Complaint, and a copy of this Order for future use.

(7)    The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure.  The notice to Defendants must include a copy of this Order.  The

Marshal must immediately file requests for waivers that were returned as undeliverable and waivers of service of the summons. If a waiver of service of summons is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

(a) personally serve copies of the Summons, First Amended Complaint, and this Order upon Defendant pursuant to Rule 4(h)(1) of the Federal Rules of Civil Procedure; and

(b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, First Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(8) **A Defendant who agrees to waive service of the Summons and First Amended Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(9) Defendant must answer the First Amended Complaint (doc. 16) or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(10) Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(11) This matter is referred to Magistrate Judge Edward C. Voss pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized

under 28 U.S.C. § 636(b)(1).

DATED this 15th day of November, 2010.

Robert C. Broomfield
Senior United States District Judge