**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Raymond V. Gutierrez, | ) | No. CV 10-0117-PHX-RCB (ECV) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Corrections Corporation of America, et al. | ) | |
| Defendants. | ) | |

    In this pro se prisoner civil rights action, Defendant Corrections Corporation of America filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b) (Doc. 20). Defendant seeks to dismiss Plaintiff's First Amended Complaint on the grounds that he failed to exhaust administrative remedies as required under 42 U.S.C. § 1997e(a) (Doc. 20). In support of its exhaustion argument, Defendant submitted an affidavit and supporting documents (id., Ex. A & Attachs.).

    When deciding a motion to dismiss for nonexhaustion, the Court may look beyond the pleadings to decide disputed issues of fact, and if it considers affidavits or other evidence, the plaintiff must have fair notice of his opportunity to develop a record. Wyatt v. Terhune, 315

F.3d 1108, 1119-20 & n. 14 (9th Cir. 2003).  A prisoner should be notified that if he "fails to controvert the moving party with opposing counter-affidavits or other evidence, the moving party's evidence might be taken as the truth, and final judgment may be entered against the prisoner."  Id. at 1114 n. 6, 1120 n. 14.

After Defendant filed its Motion to Dismiss, the Court issued a Notice pursuant to Wyatt that informed Plaintiff of his need to controvert Defendant's motion with evidence (Doc. 21). This Notice was returned in the mail (Doc. 22).  Plaintiff submitted a Notice of Change of Address indicating his move from Eloy, Arizona to Tutwiler, Mississippi (Doc. 24).  Plaintiff also filed a request for documents to be resent to the Mississippi address (Doc. 25).[1]  A note was entered on the docket stating that the Wyatt Notice was remailed to Plaintiff (id.); however, there is no documentation of the address the Notice was remailed to.  In his subsequent response to Defendant's Motion to Dismiss, Plaintiff stated that he never received the Notice that had been returned to the Court (Doc. 36).  Plaintiff responded to Defendant's motion but did not submit any supporting evidence.  Defendant then filed its reply (Doc. 37).

Because Plaintiff avers that he did not receive the required notice under Wyatt, he will be provided with additional time to file a supplemental response.

**NOTICE--WARNING TO PLAINTIFF**

*THIS NOTICE IS REQUIRED TO BE GIVEN TO YOU BY THE COURT*[2]

Defendant's Motion to Dismiss seeks to have your case dismissed for failure to exhaust prison administrative remedies as required by 42 U.S.C. § 1997e(a).  A motion to dismiss under Federal Rule of Civil Procedure 12(b) will, if granted, end your case.  When deciding a motion to dismiss for failure to exhaust, the Court may consider evidence beyond your First Amended Complaint, including sworn declarations and other admissible documentary evidence.

---

[1] In this request and in a Motion for Enlargement of Time that he later filed, Plaintiff explained that the day he transferred to Mississippi, documents arrived in the mail from the Court; however, he was not allowed to take them, and they were left with officials at the Eloy facility (Docs. 25, 30).

[2] Wyatt, 315 F.3d at 1120 n. 14.

Moreover, if Defendant produces admissible evidence demonstrating that you failed to exhaust available administrative remedies, your First Amended Complaint will be dismissed without prejudice unless your response to Defendant's Motion includes admissible evidence sufficient to show that you exhausted all available administrative remedies or that no administrative remedies were available to you. Types of admissible evidence may include copies of your grievances, grievance responses and sworn declarations.

Additionally, you must comply with the following provisions of Local Rule of Civil Procedure 7.2:

> (e) **Length of Motions and Memoranda.** Unless otherwise permitted by the Court, a motion including its supporting memorandum, and the response including its supporting memorandum, each shall not exceed seventeen (17) pages, exclusive of attachments and any required statement of facts.
>
> . . . .
>
> (i) **Briefs or Memoranda of Law; Effect of Non-Compliance.** If a motion does not conform in all substantial respects with the requirements of this Local Rule, or if the unrepresented party or counsel does not serve and file the required answering memoranda, or if the unrepresented party or counsel fails to appear at the time and place assigned for oral argument, such non-compliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily.

LRCiv 7.2.

If Plaintiff does not file a supplemental response, the Court will consider his response that was signed and filed on April 13, 2011 (Doc. 36).

**IT IS ORDERED**:

(1) Within **14 days** from the date of this Order, Plaintiff may file a supplemental response to Defendant's Motion to Dismiss, together with copies of grievances, sworn declarations, or other admissible evidence.

(2) Defendant may file a supplemental reply within 5 days after service of Plaintiff's supplemental response.

(3) The Motion to Dismiss will be deemed ready for decision without oral argument on the day following the date set for filing a supplemental reply.

1  DATED this 16th day of May, 2011.

2

3

4

5  _____
   Robert C. Broomfield
6  Senior United States District Judge

7

8  copies to plaintiff *pro se* and counsel of record

-4-